# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF NEW MEXICO

MAX MONTOYA,

        Plaintiff,

vs.

                                                                            No. 1:13-cv-00773-WJ-SCY

KACY RAMOS, MICHAEL RICO,
CITY OF ALBUQUERQUE,

        Defendants.

## ORDER GRANTING DEFENDANTS' MOTION IN LIMINE NO. II, EXCLUDING EVIDENCE REGARDING CRIMINAL PROSECUTION OF PLAINTIFF

THIS MATTER comes before the Court upon Defendants' Motion in Limine No. II: To Exclude Evidence Regarding Criminal Prosecution of Plaintiff, filed September 18, 2017 (**Doc. 96**). Having reviewed the parties' briefs and applicable law, the Court finds that Defendant's motion is well-taken and, therefore, is granted.

## BACKGROUND

In this lawsuit, Plaintiff claims that in August 2011, the Defendant officers unlawfully arrested him and used excessive force against him. In support of his claims, Plaintiff proposes to introduce a redacted copy of the Nolle Prosequi that was entered in the related criminal case, *State v. Montoya,* T-4-CR-2011-019711. *See* Doc. 94, ¶14. In addition to the hearsay objection that Defendants intend to raise regarding this evidence, Defendants also contend that this evidence is irrelevant pursuant to Fed.R.Evid. 401 and is unduly prejudicial pursuant to Fed.R.Evid. 403.

# DISCUSSION

Relevant evidence is defined in Fed.R.Evid. 401 as "(a) evidence having any tendency to make the existence of any fact that is of consequence to the determination of the action more or less probable than it would be without the evidence; and (b) the fact is of consequence in determining the action." Evidence which is not relevant is not admissible. Fed.R.Evid. 402.

The main issues in this case are whether probable cause existed for Plaintiff's arrest and whether excessive force was used. Events that occurred subsequent to Plaintiff's arrest are not relevant to these issues, and whether Plaintiff was found guilty or not guilty for the underlying criminal charge has no bearing on the question of whether probable cause existed for the arrest. The existence of probable cause is determined in terms of the circumstances confronting the arresting officer at the time of the seizure, and so the validity of an arrest is not affected by subsequent events. *U.S. v. Hansen,* 652 F.2d 1374, 1388 (10th Cir. 1981); *see also St. John v. Justman,* 771 F.2d 445, 448 (10th Cir. 1985) (Probable cause justifies an arrest because it requires "a substantial probability that a crime has been committed and that a specific individual committed a crime."); *U.S. v. Brooks,* 438 F.3d 1231, 1241 (10th Cir.2006) (quotation omitted) (An officer's decision to arrest is based on the totality of the circumstances that are available to him at the time and which would lead a reasonable person to believe that an offense has been or is being committed by the person arrested).

Plaintiff offers nothing in his response which changes the relevant law on this issue. Probable cause must exist "at the moment the arrest was made"; it cannot be established by evidence made known to the police after the arrest is made. *Beck v. State of Ohio*, 379 U.S. 89, 91(1964)(citations omitted). Therefore, any evidence pertaining to the subsequent criminal

prosecution has no place in this lawsuit, and Plaintiff's efforts to bring in this evidence must be rejected.

Defendants also contend that even if this evidence were marginally relevant, it cannot pass the balancing test in Rule 403, which provides that relevant evidence may be excluded "if its probative value is substantially outweighed by a danger of one or more of the following: unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence." Rule 403. The Court agrees that introduction of the evidence related to Plaintiff's criminal prosecution would be all of these things. Defendant would be unfairly prejudiced, and the jury would be misled by the suggestion that the criminal prosecution defines the applicable standard governing probable cause and excessive force in this civil case. See e.g. *St. John*, 771 F.2d at 448 (explaining that probable cause is not depending upon a finding of guilt beyond reasonable doubt). Additionally, the jury may confuse the issues and improperly conclude that dismissal of the criminal charges against Plaintiff establishes that there was not probable cause for the arrest and/or that excessive force was used. Finally, introduction of evidence regarding the criminal case is a waste of time as Plaintiff is not pursuing any claim that would make its introduction relevant.

For the above reasons, Defendant's Motion is hereby GRANTED in that the redacted copy of the Nolle Prosequi in Plaintiff's criminal prosecution, listed as exhibit number 14 (Doc. 94) shall not be admitted at trial, nor shall it be mentioned or discussed at any time during trial.

**IT IS SO ORDERED**.

_____
UNITED STATES DISTRICT JUDGE